# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**AKURANVYKA USA, INC.,**

      **Plaintiff,**

  v.                                    **Civil Action 2:19-cv-667**
                                                **Judge Sarah D. Morrison**
                                                **Magistrate Judge Chelsey M. Vascura**

**VISHAL PATEL RESTAURANT GROUP, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On April 8, 2020, the Court ordered Plaintiff, Akuranvyka USA, Inc., to retain counsel, and direct such counsel to enter an appearance on its behalf, within thirty (30) days. (Order, ECF No. 26.) Plaintiff was cautioned that failure to comply with the Order may result in dismissal of its case. (*Id.*) Plaintiff failed to do so. As a result, on May 15, 2020, the Court ordered Plaintiff to show cause within fourteen (14) days why this action should not be dismissed for failure to prosecute based on its failure to retain licensed counsel. (Show Cause Order, ECF No. 27.) To date, Plaintiff has neither retained counsel nor responded to the show cause order. Defendant, Vishal Patel Restaurant Group, LLC, filed a Response to the Show Cause Order, requesting that the Court dismiss Plaintiff's claims with prejudice and order Plaintiff to pay Defendant's attorneys' fees and costs associated with defending this action. (ECF No. 28.)

Under the circumstances, the undersigned finds dismissal of Plaintiff's action appropriate pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of its failure to prosecute is expressly recognized in Rule 41(b), which

provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to retain counsel to represent it and failed to respond in any way to the Court's Show Cause Order. Moreover, the Court explicitly cautioned Plaintiff that failure to comply could result in dismissal of this action. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate). Plaintiffs' failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a

court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed these deadlines and disregarded the Court's orders, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b) for failure to prosecute.

Defendant also requests an award of attorneys' fees and costs associated with defending this action. In the absence of a contractual or statutory provision for fee shifting, the "American Rule" generally requires litigants (even successful litigants) to bear their own attorney's fees. *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010). An exception allows for an award of attorney's fees as a sanction for bad faith conduct by the opposing party under the Court's inherent authority. *Id.* Attorney's fees are properly awarded only if (1) the claims advanced were meritless, (2) counsel knew or should have known this, and (3) the motive for filing the suit was for an improper purpose such as harassment. *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997).

The undersigned does not find good cause for an award of fees here. There has been no determination of the merits of Plaintiff's claims, and there is no indication that Plaintiff commenced the action in bad faith. The cases relied on by Defendant in support of an award of attorneys' fees reflect willful disregard of discovery obligations and are distinguishable on that basis. *See Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 514 (N.D. Ohio 2013); *Despot v. Nationwide Ins.*, No. 1:12-cv-044, 2013 WL 4678857, at \*4 (S.D. Ohio Aug. 30, 2013); *Noble v. Cameron Mitchell Restaurants, LLC*, No. 2:04 CR 1121, 2005 WL 3113057, \*1–2 (S.D. Ohio Nov. 18, 2005); *Jackson v. Nissan Motor Corp.*, No. 88–6132, 1989 WL 128639, at \*3–4 (6th Cir. Oct. 30, 1989); *Washington v. City of Detroit*, Case No. 05-cv-72433, 2007 WL 603379, at

*2 (E.D. Mich. Feb. 22, 2007).  Accordingly, it is **RECOMMENDED** that Defendant's request for an award of attorneys' fees and costs associated with defending this action be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                        /s/ *Chelsey M. Vascura*
                        CHELSEY M. VASCURA
                        UNITED STATES MAGISTRATE JUDGE